STATE of Missouri, Plaintiff-Respondent,

v.

Carl A. ZIEGLER, Defendant-Appellant.

No. 37687.

Missouri Court of Appeals,
St. Louis District,
Division One.

Sept. 21, 1976.

Mary Louise Moran, Asst. Public Defender, St. Louis, for defendant-appellant.

Thomas W. Shannon, Pros. Atty., Lawrence E. Manion, Jr., Asst. Pros. Atty., St. Louis, for plaintiff-respondent.

McMILLIAN, Judge.

Defendant appeals from a conviction of common assault, and a fine of $100.00 plus costs assessed by the court.

The jury having been waived, the case was tried to the court. Briefly stated, the evidence was as follows: The victim, Barbara Wainscott, testified that the defendant, defendant's brother and her estranged husband Randall, came to her house at 12:15 A.M. Although she asked them to leave, the defendant placed his foot in the door and threatened to harm her. She ran into her apartment but defendant kicked the door open. When she ran outside, defendant tackled her and slammed her head on the sidewalk.

The first defense witness, Randall Wainscott, testified that he saw appellant and the victim on the ground but that he did not see appellant hit or injure the victim.

After Mr. Wainscott's testimony, defense counsel said he would call the defendant. The court stated that defendant would be found guilty and defense counsel repeated his request to call defendant. Defendant was then allowed to testify. He admitted that he had grabbed the victim and wrestled with her on the ground allegedly to restrain her hysterics. He denied hitting the victim's head. At the close of this testimony, the trial judge apologized to the defense counsel for the statement before the defendant testified. The trial judge explained that he had misunderstood defense counsel to say that defendant would not be called to testify and that defendant's case was, therefore, over.

On appeal, defendant contends that the statement by the trial judge that defendant would be found guilty deprived the defendant of the presumption of innocence and shifted the burden of proof.

From our review of the entire record, we cannot detect any realistic denial of the presumption of innocence or any shift of the burden of proof. As explained by the trial judge on the record, his misstatement was simply a product of misunderstanding. There was no jury present to be prejudiced by the statement. The evidence of defendant's guilt was overwhelming. Even defendant's own testimony that he grabbed the victim and wrestled with her on the ground was sufficient to convict him of common assault, *State v. Parker*, 378 S.W.2d 274, 282 (Mo.App.1964). We, therefore, affirm.

Judgment affirmed.

WEIER, P. J., and RENDLEN, J., concur.